F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEROY T. BRYANT,

     Petitioner-Appellant,

v.

H.N. SCOTT, Warden,

     Respondent-Appellee.

No. 99-6456

(D.C. No. 99-CV-867-C)
(W.D.Okl.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Leroy Bryant appeals the district court's dismissal of his 28 U.S.C. § 2254

petition for habeas corpus relief. We exercise jurisdiction pursuant to 28 U.S.C.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1291, deny Bryant a certificate of appealability, and dismiss the appeal.

## I.

Bryant was convicted in Oklahoma state court of trafficking in illegal drugs and sentenced to life in prison without parole on April 22, 1993. He did not appeal his conviction. On May 11, 1998, Bryant filed an application for post-conviction relief in Oklahoma state court, asserting his right to counsel was violated when his attorney did not file a direct appeal. The state district court denied the application and Bryant did not appeal the denial. On September 28, 1998, Bryant filed a second application for post-conviction relief in Oklahoma state court, asserting the court improperly denied his first application for post-conviction relief. On March 9, 1999, the state district court denied the application, concluding that Bryant did not raise any new issues of law or genuine issues of material facts. On May 25, 1999, the Oklahoma Court of Criminal Appeals affirmed that denial.

On June 17, 1999, Bryant filed a 28 U.S.C. § 2254 petition for habeas corpus relief in federal district court. Bryant alleged the state court failed to strictly follow the contemporaneous objection rule (Okla. Stat. tit. 22, § 1086) and he received ineffective assistance of counsel because his attorney failed to file a direct appeal. The government filed a motion to dismiss, alleging Bryant failed to file his petition within the limitations period of the Antiterrorism and

2

Effective Death Penalty Act (AEDPA). Bryant responded that his failure to timely file the petition was due to extraordinary circumstances. The magistrate recommended dismissing Bryant's petition as untimely and Bryant did not object to the magistrate's report. On November 29, 1999, the district court adopted the magistrate's report and recommendation, dismissed Bryant's petition, and denied a certificate of appealability. The district court also denied leave to proceed on appeal in forma pauperis.

II.

In reviewing the denial of habeas relief, we review the district court's factual findings under a clearly erroneous standard and its legal conclusions de novo. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied, 120 S. Ct. 944 (2000). On appeal, Bryant contends he was denied his right to appeal and the interest of justice exception excused his failure to object to the magistrate's report and recommendation.

Generally, this court applies a firm waiver rule which by its application results in the waiver of appellate review of factual and legal questions when the appellant fails to object to the magistrate's findings. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Bryant contends he never received the magistrate's report. If true, this may excuse Bryant's failure to file an objection to the magistrate's report. See id. (noting that firm waiver rule "need not be

3

applied when the interests of justice so dictate"). For purposes of this appeal we will assume that Bryant did not receive the magistrate's report through no fault of his own and address this case on the merits.

The magistrate concluded that Bryant's § 2254 petition was untimely filed. Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Bryant's conviction became final on July 21, 1993, when the time for filing a direct appeal had passed. See Okla. Stat. tit. 22, § 1051 (stating that defendant has 90 days after conviction to appeal). The AEDPA became effective on April 24, 1996. Because Bryant's conviction became final before the effective date of the AEDPA, he had until April 23, 1997, to file his federal habeas petition. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Bryant's state post-conviction applications did not toll the limitations period, because they were filed after the limitations period. Bryant filed his § 2254 petition with the district court on June 17, 1999. This was untimely.

The limitations period of § 2244(d) may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Bryant has failed to show he was excused from timely filing his petition. See 28 U.S.C. § 2244(d)(1) (listing circumstances in which time for filing petition may be extended). Bryant knew

4

of his attorney's failure to file a direct appeal by May 11, 1998, at the latest (when he filed his application for post-conviction relief), yet did not file his § 2254 petition until June 17, 1999. Bryant presents no reason for not filing his § 2254 petition within the limitations period. Further, we note Bryant does not contend that "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." See Miller, 141 F.3d at 978. Bryant's habeas petition was untimely and subject to dismissal.

III.

We DENY Bryant a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5